IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RANDOLPH DENNIS HUTCHENS, II,

    Petitioner,

v.                                             Civil no. 3:05-cv-113
                                                Crim no. 3:00-cr-29(5)
                                                (Judge Broadwater)

UNITED STATES OF AMERICA,

    Respondent.

## REPORT AND RECOMMENDATION

On October 18, 2005, the petitioner, by counsel, filed a Motion for Order Amending and Correcting Sentence Filed Pursuant to Title 28 U.S.C. Section 2255. The case was referred to the undersigned for a Report and Recommendation pursuant to an Order of Referral filed on October 24, 2005. On November 9, 2005, the respondent filed a response to the motion. The petitioner has not filed a reply. This case is before me for an initial review and report and recommendation.

## I. Factual and Procedural History

### A. Conviction and Sentence

On June 27, 2000, the petitioner pled guilty to Count Eleven of the Indictment, charging him with distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1). On October 20, 2000, the Court sentenced the petitioner to 210 months imprisonment.

### B. Appeal

Petitioner filed an appeal of his conviction and sentence on November 8, 2000. Petitioner's appeal was dismissed by the Fourth Circuit Court of Appeals on or about September 18, 2001.

C. **Federal Habeas Corpus**

In his motion, the petitioner asserts that at the time of sentencing, the Court was required to impose a sentence mandated by the Federal Sentencing Guidelines. However, pursuant to the United States Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005),[1] the Court must now view those guidelines as advisory only, and may consider other, more traditional factors in imposing sentence. Thus, in light of Booker, the petitioner requests the Court convene a hearing and provide him the opportunity to present his case and seek a reduction of sentence.

## II. Analysis

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255.

The limitation period shall run from the last of:

1. The date on which the judgment of conviction becomes final;

2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;[2] or

---

[1] In Booker, the Supreme Court held that the mandatory sentencing guidelines violated a defendant's Sixth Amendment right to a jury trial because a judge, not a jury, determines facts which could increase the defendant's sentence beyond the sentence which could be imposed based on jury fact finding. Therefore, the Court severed the unconstitutional provisions from the Sentencing Reform Act, made the guidelines advisory.

[2] The one-year statute of limitation period under this subsection runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactive. Dodd v. United States, ____ U.S. ____, 125 S.Ct. 2478 (2005).

> 4. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Here, the petition is clearly untimely under subsection 1.[3] Petitioner was sentenced on October 20, 2000. Petitioner filed an appeal of his conviction and sentence on November 8, 2000. That appeal was dismissed on September 18, 2001. It does not appear that petitioner filed a petition for writ of certiorari with the United States Supreme Court. Thus, his conviction and sentence became final when the time for doing so -- 90 days -- elapsed. See Clay v. United States, 537 U.S. 522 (2003); see also United States v. Sosa, 364 F.3d 507 (4th Cir. 2004). Accordingly, under AEDPA, the petitioner's conviction and sentence became final on December 17, 2001, and petitioner had until December 17, 2002 to timely file a § 2255 motion. The instant petition was not filed until October 18, 2005, nearly three years later.

However, in the petition, the petitioner argues that his petition is timely under subsection 3.[4] Specifically, petitioner asserts that his petition is timely because it was filed within one-year from the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Petition at 8-9. In support of this argument, petitioner asserts that the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), decided on January 12, 2005, is the triggering event that opens the gateway to get through to § 2255.

---

[3] The petitioner is represented by counsel and a Hill v. Braxton notice is not required prior to dismissal. See United States v. Sosa, supra; Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

[4] The petitioner does not allege that the Government created an impediment to his filing a timely § 2255 motion or that his motion is based on new facts. Thus, subsections 2 and 4 of § 2255 are not applicable to this case and will not be addressed in more detail.

However, petitioner's argument is foreclosed by the Fourth Circuit's decision in United States v. Morris, 429 F.3d 65 (4th Cir. 2005). In Morris, the Court found that Booker has not been made retroactively applicable to cases on collateral review. Thus, petitioner's Booker claim does not save his § 2255 motion and the petition should be dismissed as untimely.

### III. Recommendation

For the foregoing reasons, the undersigned recommends that the Court enter an Order **DENYING** the petitioner's § 2255 motion and **DISMISSING** the case with prejudice.

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record.

DATED: April 25, 2006.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE